UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT PAZDA, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 13-cv-00326 ) |
| BLAST FITNESS GROUP PERSONAL TRAINING, LLC., a/k/a BLAST FITNESS GROUP, LLC, | ) Judge John W. Darrah ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Scott Pazda, on behalf of himself and all other plaintiffs similarly situated, known and unknown, filed a Complaint against Defendant Blast Fitness Group Personal Training, LLC., a/k/a Blast Fitness Group, LLC, on January 16, 2013. Plaintiff alleges five counts against Defendant: (I) violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (II) willful violation of the FLSA; (III) entitlement to liquidated damages under the FLSA Section 260; (IV) violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* ("IMWL"); and (V) violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.* ("IWPCA").

Defendant moves to dismiss the Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on the basis of Plaintiff's individual claims and class or collective action claims. The Motion has been fully briefed.

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint and are accepted as true for purposes of the Motion to Dismiss. *Kolbe & Kolbe Health & Welfare Benefit Plan v.*

*Med. Coll. of Wis., Inc.*, 657 F.3d 496, 502 (7th Cir. 2011). Plaintiff was employed as a fitness trainer with Defendant—a company that provides health and fitness services. (Compl. ¶¶ 3-4.) The unnamed plaintiffs, known and unknown, are past or present employees of Defendant ("Plaintiff Class"). (*Id.* ¶ 4.) Plaintiff and the Plaintiff Class held positions designated as "managers" and were salaried employees. (*Id.* ¶ 11.) Defendant granted commissions to Plaintiff and the Plaintiff Class in addition to their salaries and classified them under an "inside sales" exemption for overtime compensation purposes. (*Id.* ¶ 12.) However, the positions purportedly did not qualify for the "inside sales" exemption claimed by Defendant. (*Id.*) Plaintiff alleges during most, if not all, weeks Defendant failed to pay the statutory state and/or federal minimum wage rates to Plaintiff and the Plaintiff Class. (*Id.* ¶ 13.)

Plaintiff asserts the following regarding Defendant's violation of the FLSA: Defendant violated the FLSA by failing to pay compensation for all hours worked and overtime compensation for all hours worked in excess of forty (40) hours per week (*id.* ¶¶ 14-15); Defendant's violation was done with Defendant's knowledge or with a reckless disregard for committing a violation (*id.* ¶ 16); and Defendant's actions "were not based upon good faith or reasonable grounds." (*Id.* ¶ 18.) Additionally, Plaintiff alleges Defendant violated the IMWL willfully and/or in bad faith in a similar respect to the FLSA violation (*id.* ¶¶ 20, 22); and Defendant violated the IWPCA by breaching its agreement with Plaintiff and the Plaintiff Class to fully comply with state and federal wage and hour laws. (*Id.* ¶ 24.)

Counts I, II, and III, based on the FLSA, are brought by Plaintiff on behalf of himself and the Plaintiff Class as a collective action under the FLSA Section 216(b). (*Id.* ¶ 7.) Counts IV and V, based on the IMWL and the IWPCA, respectively, are brought by Plaintiff on behalf of

himself and the Plaintiff Class, who have identical state-law claims as Plaintiff.[1]  (*Id.* ¶¶ 5-6, 8-9, 22, 27.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to raise the defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss under Rule 12(b)(6), all factual allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the plaintiff. *White v. Marshall & Ilsley Corp.*, 714 F.3d 980, 985 (7th Cir. 2013) (citation omitted).  This principle, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To survive a motion to dismiss, a complaint must contain factual allegations that satisfy the threshold of facial plausibility, allowing the court to draw a reasonable inference that the defendant is in fact liable for the misconduct alleged by the plaintiff. *Id*.  Although a plaintiff need only provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests," *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)), a mere "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] Plaintiff does not seek class certification of the state-law claims under Fed. R. Civ. P. 23; instead, Plaintiff states the Plaintiff Class "may adopt and assert claims under Illinois law in conjunction with the pendant jurisdiction provisions of 28 U.S.C. § 1367." (Pl.'s Resp. at 2, 4.)

**ANALYSIS**

*Count I: Violation of the Fair Labor Standards Act*

In Count I, Plaintiff cites to the FLSA and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, as entitling him and the Plaintiff Class to compensation for all hours worked and overtime compensation for all hours worked in excess of forty (40) hours in any week. (Compl. ¶ 14.) With respect to such compensation, Plaintiff alleges "Defendant has at all times relevant hereto failed and refused to pay compensation to its employees . . . ." (*Id.* ¶ 15.) Defendant argues Plaintiff "offers nothing more than boilerplate recitations of the FLSA, the IMWL, and the IWPCA without any supporting facts to suggest his claims are plausible." (Def.'s Mot. at 2.)

Plaintiff cites *Twombly* and *Iqbal* to refute Defendant's demand for greater detail in the Complaint and thus declares "Plaintiff's pleading puts Defendant on sufficient notice of the wage and hour violations alleged." (Pl.'s Resp. at 3.) Indeed, the notice pleading standard promoted by *Twombly* and *Iqbal* has been liberally applied to wage claims, such as FLSA violations. The Eleventh Circuit, for example, has opined that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages . . . ." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008). Courts in this district have adopted *Labbe* and applied looser pleading standards to FLSA claims. *See, e.g.*, *Sanchez v. Haltz Constr., Inc.*, No. 09 C 7531, 2012 WL 13514, at *3 (N.D. Ill. Jan. 4, 2012); *Allen v. City of Chi.*, No. 10 C 3183, 2011 WL 941383, at *6 (N.D. Ill. Mar. 15, 2011). The Seventh Circuit has agreed with this principle, insofar as requiring less specificity for less complex claims. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("A more complex case . . . will require more

detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected.").

Despite a lower pleading standard for Plaintiff to sufficiently plead his FLSA claim, Plaintiff's allegations nevertheless fail to comply with the Fed. R. Civ. P. 8(a) notice pleading standard. Although Plaintiff need only allege basic facts evidencing a plausible claim for relief under the FLSA, what facts Plaintiff presents in the Complaint "are actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss." *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011) (citing *Iqbal*, 129 S.Ct. at 1951).

In *Kwan Bom Cho v. GCR Corp.*, No. 12 C 4562, 2013 WL 675066, at *2 (N.D. Ill. Feb. 22, 2013), the court dismissed a FLSA claim, holding plaintiffs must do more than merely repeat the provisions of Section 207(a) of the FLSA that entitles them to overtime compensation. Weighing the sufficiency of the complaint, the court in *Kwan Bom Cho* noted that "[t]racking the statutory language, Plaintiffs allege that they were not exempt from this requirement . . . that they worked in excess of forty hours per week . . . and that Defendants did not pay them one-and-a-half times their ordinary rate of pay for the excess hours . . . ." *Id.*

Here, Plaintiff alleged even less than what the court in *Kwan Bom Cho* held insufficient to state a claim under the FLSA. Plaintiff asserts he and the Plaintiff Class were not exempt from, were entitled to, and were not paid overtime compensation as provided for under the FLSA. (Compl. ¶¶ 12, 14-15.) However, the Complaint is devoid of any factual support for these bare conclusions, such as allegations about Plaintiff working more than forty hours in a week, or about "when [he and the Plaintiff Class] worked for Defendant[], what they did for Defendant[], how many hours they worked, or what, if anything, they were paid." *Kwan Bom Cho*, 2013 WL 675066, at *2. As in *Kwan Bom Cho*, Plaintiff's Complaint "merely

5

parrot[s] the statutory language of the claims that [he is] pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims . . . ." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Even reading the Complaint in a light most favorable to Plaintiff, "the factual detail in [the] [C]omplaint may be so sketchy that the [C]omplaint does not provide the type of notice of the claim to which [Defendant] is entitled under Rule 8." *Id.* (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). Therefore, Defendant's Motion to Dismiss is granted as to the individual claim in Count I.

Defendant also challenges the sufficiency of Plaintiff's class or collective action allegations. An employee may bring a cause of action on behalf of themselves and similarly situated employees against an employer for violations of the FLSA. 29 U.S.C. § 216(b); *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). Traditionally, it is premature to determine the sufficiency of class or collective action allegations at the motion to dismiss stage of litigation. *Talley v. Leo J. Shapiro & Assocs., Inc.*, 713 F. Supp. 254, 257 (N.D. Ill. 1989); *see also Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *2 (N.D. Ill. May 15, 2012) ("As a general rule, whether a suit can be maintained as a class or collective action is determined not on a Rule 12(b)(6) motion, but on a motion to certify a class action under Rule 23 or a motion to certify a collective action under 29 U.S.C. § 216(b)."). This practice notwithstanding, a court may dismiss class or collective action claims at the pleading stage if the complaint has fatal deficiencies. *Dominguez*, 2012 WL 1719793, at *2 (citation omitted). As such, the same deficiencies that plague Plaintiff's individual FLSA claim plague the collective action claim. Plaintiff has not provided adequate notice of the grounds upon which his collective action under the FLSA rests.

Even without considering the sufficiency of the allegations regarding collective action, Plaintiff has failed to state a claim for an individual under the FLSA. *See Vanskike v. Peters*, 974 F.2d 806, 812-13 (7th Cir. 1992) (citations omitted) ("[C]lass actions are expressly provided for under the FLSA . . . . Nevertheless, a class representative must have a cause of action in his own right in order to bring a class action."). Consequently, Defendant's Motion to Dismiss is granted as to the collective action allegations; and, thus, Count I is dismissed in its entirety without prejudice.

*Count II: Willful Violation of the Fair Labor Standards Act*

Count II alleges Defendant willfully violated the FLSA in regards to the purported violations in Count I. Plaintiff claims because Defendant acted with "knowledge that the compensation policy and practice at issue was in violation of the [FLSA] or, with a reckless disregard for whether or not the policy and practice was in violation of the [FLSA]," he and the Plaintiff Class are entitled to a third year of back pay in addition to the standard two years granted by the FLSA. (Compl. ¶¶ 16-17.)

In *Butler v. E. Lake Mgmt. Grp., Inc.*, No. 10 C 6652, 2013 WL 2112032, at *3 (N.D. Ill. May 15, 2013), the court dismissed the plaintiff's claim of a willful violation of the FLSA because "Plaintiff merely states that Defendant's violation was 'willful' but fails to assert any facts to support that conclusory statement other than that Defendant 'was aware of the overtime that I was working.' That falls well short of the mark for pleading 'willfulness' . . . ." As with the comparison to *Kwan Bom Cho*, Plaintiff here has alleged even less than the plaintiff in *Butler*. Plaintiff does not assert any facts with respect to Defendant's supposedly willful violation of the FLSA. Simply stating Defendant knew that its compensation policies were in violation of the FLSA is vaguer than the rejected assertion in *Butler* "that Defendant 'was aware

7

of the overtime that I was working.'" *Id.* Furthermore, the reasoning for dismissing the collective action allegations in Count I applies equally to such claims in Count II. Consequently, Count II is dismissed in its entirety without prejudice.

*Count III: Liquidated Damages Under the Fair Labor Standards Act*

In Count III, Plaintiff seeks liquated damages under the theory that Defendant's actions in violating the FLSA "were not based upon good faith or reasonable grounds." (Compl. ¶ 18.) An employer who violates the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that [it was not a violation], the court may, in its sound discretion, award no liquidated damages . . . ." *Id.* § 260.

As such, Plaintiff's pleading of Defendant's bad faith or unreasonableness is as factually deficient as the allegation of willfulness in Count II. Plaintiff does not provide even minimal factual allegations to support the conclusion that Defendant had a malevolent state of mind. Moreover, because of the prior holding that Plaintiff has failed to state a claim under the FLSA, there cannot be a valid claim to liquidated damages flowing from an insufficient pleading of a FLSA violation. Consequently, Count III is dismissed without prejudice.

*Counts IV & V: State-Law Claims*

Plaintiff brings two state-law claims over which there is supplemental jurisdiction pursuant to the original jurisdiction over the FLSA claims. *See* 28 U.S.C. § 1367(a). In Count IV, Plaintiff alleges Defendant willfully and/or with bad faith utilized compensation policies in violation of the Illinois Minimum Wage Law. (Compl. ¶¶ 20, 22.) Finally, Plaintiff

8

asserts the existence of an agreement between Defendant and Plaintiff and the Plaintiff Class that Defendant would comply with relevant labor laws and that Defendant breached that agreement in violation of the Illinois Wage Payment and Collection Act. (*Id.* ¶¶ 24, 27.)

In this action, the federal claims under the FLSA have been dismissed; therefore, "[t]he district court[] may decline to exercise supplemental jurisdiction over" the IMWL and the IWPCA claims. 28 U.S.C. § 1367(c)(3). The Seventh Circuit has established the practice that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on the merits." *Wynn v. Bd. of Educ. of Sch. Dist. No. 159*, 815 F. Supp. 2d 1007, 1017-18 (N.D. Ill. 2011) (quoting *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009)). Accordingly, in declining to exercise supplemental jurisdiction, the IMWL and the IWPCA claims (Counts IV and V, respectively) are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Plaintiff is granted leave to amend his allegations within thirty days of the issuance of this Memorandum Opinion and Order, provided Plaintiff can do so under Fed. R. Civ. P. 11(b).

Date: August 29, 2013

JOHN W. DARRAH
United States District Court Judge